UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-6046-BSS

UNITED STATES OF AMERICA,

VS.

WAYNE GRIFFIES,

    Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, Wayne Griffies, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A. INTRODUCTION

On February 9, 2017, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the defendant, Wayne Griffies, as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the evidence presented, the Court finds probable cause that the defendant, Wayne Griffies, committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming

*arguendo* that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by a "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.  FINDINGS OF FACT

1.  The defendant is charged with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Therefore, the defendant is charged with a crime involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.  The Court received credible evidence that the defendant, Wayne Griffies, committed the offense with which he has been charged. More specifically, the Government proffered the Affidavit in Support of Criminal Complaint ("Affidavit") as its case agent's testimony on direct examination. See Affidavit (attached to Criminal Complaint) (DE 1). The content of the Affidavit was not impeached, contradicted, or rebutted, and the undersigned accepts the facts set forth in that Affidavit as true for purposes of this bond determination. According to the Affidavit:

> In January 2017, law enforcement received information that Wayne

> GRIFFIES was distributing large amounts of crystal methamphetamine [] in the Wilton Manors, Florida area. Law enforcement conducted surveillance to confirm this information.
>
> On January 31, 2017, a confidential source (CS) contacted GRIFFIES and placed an order for six (6) ounces of methamphetamine.
>
> On February 1, 2017, GRIFFIES confirmed that he would sell the six (6) ounces of crystal methamphetamine to the CS for $5,100 U.S. dollars. Later that day, GRIFFIES told the CS that he would only be able to deliver approximately five (5) ounces of crystal methamphetamine because he had already sold one ounce to another buyer. GRIFFIES told the CS to meet him at a laundromat, located at 3061 Oakland Park Boulevard, Wilton Manors, Florida. Within minutes of telling the CS to meet him at the coin laundry, law enforcement established surveillance in the vicinity of Wayne GRIFFIES' known place of residence, located at, 3009 N. Andrews Avenue, Wilton Manors, Florida, and in the vicinity of the aforementioned laundromat.
>
> Law enforcement observed Wayne GRIFFIES exit his residence located at of 3009 N. Andrews Avenue, Apt. 1, Wilton Manors, carrying a large white bag. Wayne GRIFFIES entered the driver's side of a black Cadillac sedan and departed his residence followed by surveillance. During the course of the investigation, law enforcement learned that GRIFFIES' Florida Driver's License is suspended.
>
> Surveillance units followed GRIFFIES to the parking lot of the aforementioned coin laundry. Law enforcement observed Wayne GRIFFIES exit the vehicle with the aforementioned large white bag and walk into the laundromat, followed by a Broward Sherriff's [sic] Office detective on foot surveillance. Inside the laundromat, the BSO detective observed GRIFFIES place the large white bag on the laundry table before exiting the coin laundry. Upon exiting the coin laundry, GRIFFIES was approached by law enforcement. Law enforcement identified themselves and arrested Wayne GRIFFIES.
>
> The large white bag contained approximately five (5) ounces of a glass-like substance which later field tested positive as crystal methamphetamine. Five ounces is equivalent to one hundred and fort[y]-one (141) grams.

Affidavit ¶¶ 3-8 (DE 1).

At the hearing, the Government proffered that in a post-Miranda statement, the defendant told law enforcement that an incoming call on his cell phone was from the individual

3

who was coming to retrieve the 5 ounces of methamphetamine. According to the Government, the call was actually from the CS. In addition, the Government proffered that the defendant told law enforcement that he had heroin and additional quantities of methamphetamine at his residence, and he consented to a search of the premises. During that search, law enforcement did recover heroin and methamphetamine in a hallway closet and in a bedroom.

According to the Government, if convicted of the instant offense, Wayne Griffies faces a minimum mandatory sentence of 10 years' imprisonment because the offense involved more than 50 grams of methamphetamine. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant, Wayne Griffies, are significant to this Court's assessment of his candidacy for bond. The defendant reported that he was born in the Philadelphia 31 years ago and has resided in South Florida for the past 10 years. He further reported that he does not possess a passport and has not traveled outside the United States in the past 10 years.

The defendant advised that he is single and does not have any children. He has been residing for the past month at a Wilton Manors (Florida) apartment with his partner. According to the defendant, his parents and siblings all reside in Pennsylvania.

The defendant reported that he has been unemployed for the past three months and receiving financial assistance from his partner. Previously, he worked as a waiter and as a cook, earning approximately $4,000 per month. His only reported asset is a checking account with a balance of $1,000.

The defendant advised that he first used heroin at age 16 and methamphetamines at age 31 and that he currently uses both substances daily. The defendant acknowledged that he has a substance abuse problem.

According to the Pretrial Services Report, the defendant has sixteen (16) prior arrests, many of which involved narcotics offenses: theft/unlawful use of a computer/access device fraud (2005); burglary (2009); possession of alprazolam/possession of drug paraphernalia (2010); disobeyed stop sign/operating without a valid driver's license/possession of alprazolam (xanax)/possession of oxycodone (2010); burglary ref: conveyance/probation violation (2011); driving unsafe vehicle/driving while license suspended/driving without proper insurance/probation violation (2011); petty theft (2012); fraud ref: uttering false instrument/grand theft (2012); trespassing (2014); possession of cocaine/possession of drug paraphernalia/possession of hallucinogens (2014); grand larceny/false ref: false ownership (2015); false I.D. giving to law enforcement officer/probation violation (2015); probation violation (2015); delivery of methamphetamines/probation violation/possession of heroin/possession of methamphetamines (2016); possession with intent to sell narcotics/possession of heroin/possession of drug paraphernalia/destroying evidence/driving while license suspended (2016); and possession of methamphetamine/driving while license suspended (2016). In addition, the Report shows that the defendant has been convicted of the following offenses: burglary (2009); possession of alprazolam/possession of drug paraphernalia (2010); operating a vehicle without valid driver's license (2011); trespassing (2014); and false ref: false ownership (2015). With respect to the conviction in 2015, it appears that the defendant is currently on probation for that offense. And with respect to the three arrests in 2016, it appears that the defendant is currently on pretrial release in each of those cases. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court received evidence concerning the nature and seriousness of the

danger to the community that would be posed by the release of this defendant. Wayne Griffies had previously been arrested on 16 separate occasions; 6 of those arrests involved narcotics charges, and 4 of those arrests involved violation of probation charges. In addition, the Report shows that the defendant was convicted on 5 separate occasions; the offenses of conviction included burglary and possession of narcotics and drug paraphernalia. With respect to the instant offense, after receiving information that Griffies was distributing large amounts of crystal methamphetamine in the Wilton Manors area, law enforcement conducted surveillance to confirm this information. They then had a confidential source contact Griffies and place an order for 6 ounces of methamphetamine. After agreeing to provide the 6 ounces for $5,100, Griffies told the confidential source that he would only be able to deliver 5 ounces, as he had sold 1 ounce to another buyer. Griffies proceeded to deliver the 5 ounces methamphetamine to a pre-arranged location. 18 U.S.C. § 3142(g)(4).

5. The Court finds by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C. STATEMENT OF REASONS FOR DETENTION

1. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. Although the defendant has resided in South Florida for 10 years, his legitimate financial

ties are marginal. Moreover, he has an extensive record of 16 prior arrests, and he appears to have been on pretrial release from 3 of those arrests – all involving narcotics offenses – at the time he allegedly committed the narcotics offense charged in the Complaint. In addition, 4 of his arrests included charges for violating probation. Finally, the evidence against the defendant is strong, and he faces a substantial term of imprisonment if convicted of the charged offense.

Given the defendant's marginal financial ties, his significant arrest record (evidencing an ongoing disregard for the law), his status on pretrial release from three state narcotics cases (evidencing a disregard for the conditions of his release) at the time of the instant offense, his multiple violations of probation (reflecting an inability to abide by court supervision), the strength of the evidence, and the lengthy prospective sentence, the Court does not believe that the defendant would be likely to appear if released on bond prior to trial.

2.  Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. Wayne Griffies had previously been arrested on 16 separate occasions; 6 of those arrests involved narcotics charges, and 4 of those arrests involved violation of probation charges. In addition, the Report shows that the defendant was convicted on 5 separate occasions; the offenses of conviction included burglary and possession of narcotics and drug paraphernalia. With respect to the instant offense, after receiving information that Griffies was distributing large amounts of crystal methamphetamine in the Wilton Manors area, law enforcement arranged for a confidential source to purchase from Griffies 6 ounces, later reduced to 5 ounces, of

methamphetamine. Given that Griffies committed these acts after having been arrested on 16 occasions and convicted on 5 occasions, and, moreover, while on pretrial release in 3 other cases involving narcotics offenses, the Court concludes that he has not been deterred or rehabilitated by virtue of his previous encounters with the criminal justice system. According, Wayne Griffies constitutes a continuing and serious danger to the community.

D.   DISPOSITION

Being fully advised, the court hereby ORDERS that the defendant, Wayne Griffies, be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS:

1.   That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.   That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is

confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this ____ day of February 2017.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE


Copies to:

All counsel of record

United States Marshal

United States Pretrial Services